JUDGE SCHOFIELD  13 CV 1628

C.K. Lee, Esq.
Anne Seelig, Esq.
Shin Hahn, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, New York 10016
Tel: (212) 465-1180
Fax: (212) 465-1181



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ELVIS SANTANA,
on behalf of himself and others similarly situated,

    Plaintiff,

-against-

FISHLEGS LLC, GIOCO RESTAURANT CORP.,
DAVID BURKE 59 CORP., BCRE GRAND
RESTAURANT LLC,
RIDGE ROAD RESTAURANT, LLC,
DAVID BURKE LLC, JOHN DOE CORP.,
DAVID BURKE, JEFFREY A. CITRON,
SUZANNE CITRON, and ITZHAK HERA,

    Defendants.

---

Case No.:

**CLASS ACTION COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

Plaintiff, ELVIS SANTANA (hereinafter, the "Named Plaintiff"), alleges, on behalf of himself and others similarly situated as follows:

<u>PRELIMINARY STATEMENT</u>

1. The Named Plaintiff worked in the positions of busboy and barback for Defendants, at Defendants' "Fishtail" restaurant located at 135 East 62nd Street, New York, NY 10065.

2.  Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the Named Plaintiff brings this action for (1) unpaid minimum wages (2) unpaid overtime pay and (3) unpaid compensation due to time shaving, on behalf of himself and all other similarly situated current and former employees nationwide who work or worked as tipped employees, including waiters, busboys, runners, barbacks and bartenders in the past six years ("Covered Employees") at any of the David Burke Restaurants (defined below).

3.  In addition to nationwide FLSA claims, the Named Plaintiff also brings claims under the laws of New York on behalf of himself and all Covered Employees, who worked in the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York Labor Law, Article 19 §§ 650 et. seq., and the supporting New York State Department of Labor Regulations (together, "NYLL").

4.  For at least three years prior to the filing of this Complaint, Defendants have willfully committed widespread violations of the FLSA and New York state laws by failing to pay Covered Employees (1) unpaid minimum wages, (2) unpaid overtime and (3) unpaid compensation due to time shaving.

## JURISDICTION AND VENUE

5.  This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Original jurisdiction exists over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the Named Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

6. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Named Plaintiff's state law wage and hour claims, because those claims derive from a common nucleus of operative fact.

7. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2002.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, because Plaintiff and certain Defendants reside in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

9. Named Plaintiff, SANTANA, is a resident of New York County, New York.

10. (a) FISHLEGS LLC d/b/a Fishtail is a limited liability company organized under the laws of the State of New York, with a principal place of business at 135 East 62nd Street, New York, NY 10065, and an address for service of process, located at c/o Eric Kutner, Esq., 200 Old Country Road, Ste. 364, Mineola, NY 11501;

(b) GIOCO RESTAURANT CORP. d/b/a David Burke Townhouse is a corporation organized under the laws of the State of New York, with a principal executive office, and an address for service of process, located at 133 East 61st Street, New York, NY 10021;

(c) DAVID BURKE 59 CORP. d/b/a David Burke at Bloomingdale's is a corporation organized under the laws of the State of New York, with a principal executive office, and an address for service of process, 807 Lexington Avenue, Suite 2R, New York, NY 10021; and

(d) BCRE GRAND RESTAURANT LLC d/b/a David Burke Kitchen is a limited liability company organized under the laws of the State of Delaware, with an address for service of process, located at c/o Brack Capital Real Estate Ltd., 885 Third Avenue, New York, NY 10022.

(e) RIDGE ROAD RESTAURANT LLC d/b/a David Burke Fromagerie is a limited liability company organized under the laws of the State of New Jersey, with a principal place of business located at 26 Ridge Road, Rumson, New Jersey 07760.

(f) DAVID BURKE LLC d/b/a David Burke Prime Steakhouse is a limited liability company organized under the laws of the State of Connecticut, with a principal place of business located at Foxwoods Resort Casino, 350 Trolley Line Blvd., Mashantucket, Connecticut 06338.

(g) JOHN DOE corp. d/b/a Primehouse David Burke is a company organized under the laws of the State of Illinois, with a principal place of business located at the James Hotel Chicago, 616 N. Rush Street, Chicago, Illinois 60611.

11. (a) DAVID BURKE is a principal of FISHLEGS LLC, BCRE GRAND RESTAURANT LLC, RIDGE ROAD RESTAURANT LLC, DAVID BURKE LLC and JOHN DOE CORP., and is a principal and the Chairman or Chief Executive Officer of DAVID BURKE 59 CORP. and GIOCO RESTAURANT CORP.

(b) JEFFREY A. CITRON is a principal of FISHLEGS, LLC, BCRE GRAND RESTAURANT LLC, DAVID BURKE 59 CORP. and GIOCO RESTAURANT CORP.

(c) SUZANNE CITRON is a principal of BCRE GRAND RESTAURANT LLC.

(d) ITZHAK HERA is a principal of BCRE GRAND RESTAURANT LLC.

(e) Each of the Individual Defendants exercised control over the terms and conditions of the employment of the Named Plaintiff, FLSA Collective Plaintiffs and New York Rule 23 Class members. Each of the Individual Defendants had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of the Named Plaintiff, the FLSA Collective Plaintiffs and the New York Rule 23 Class members. Each also had the power and authority to supervise and

control supervisors of the Named Plaintiff, the FLSA Collective Plaintiffs and the New York Rule 23 Class members.

12. The Defendants operate a food services enterprise through the David Burke Group. Such food services enterprise includes the following businesses operating under the following trade names and locations:

**Fishtail,** located at 153 East 62nd Street, New York, NY 10065;

**David Burke Townhouse,** located at 133 East 61st Street, New York, NY 10065;

**David Burke at Bloomingdale's,** located at 1000 3rd Avenue, New York, NY 10022;

**David Burke Kitchen,** located at 23 Grand Street, New York, NY 10013;

**David Burke Fromagerie,** located at 26 Ridge Road, Rumson, New Jersey 07760;

**David Burke Prime Steakhouse,** located at Foxwoods Resort Casino, 350 Trolley Line Blvd., Mashantucket, Connecticut 06338;

**Primehouse David Burke,** located at James Hotel Chicago, 616 N. Rush Street, Chicago, Illinois 60611.

(Fishtail, David Burke Townhouse, David Burke at Bloomingdale's, David Burke Kitchen, David Burke Fromagerie, David Burke Prime Steakhouse and Primehouse David Burke collectively, the "David Burke Restaurants").

13. The David Burke Restaurants are operated and marketed by Defendants as a common enterprise and share the same employment policies. Each of the David Burke Restaurants is advertised and marketed jointly on Defendants' website located at www.davidburke.com. The various business operations of the David Burke Restaurants are jointly marketed through the David Burke website. The David Burke Restaurants are all owned and operated by celebrity chef David Burke, together with others. They share the same director of private events, human

resources personnel and attorneys. Employment opportunities are jointly advertised, and reservations for all restaurants are made through the David Burke website. Merchandise and supplies are shared among the David Burke Restaurants, and employees are paid by the same payroll methods.

## STATEMENT OF FACTS

14. In or about November 2008, Named Plaintiff, SANTANA, was hired by Defendants to work as a busboy and barback at Defendants' "Fishtail" restaurant located at 135 East 62nd Street, New York, NY. From the commencement of his employment to March 2009, Named Plaintiff SANTANA worked as a busboy. From in or about March 2009 to the end of his employment, Named Plaintiff SANTANA worked as a barback. During his employment by Defendants, Named Plaintiff, SANTANA was required to travel to the other David Burke Restaurants to pick up merchandise and supplies.

15. Named Plaintiff, SANTANA, worked for Defendants until on or about April 2009.

16. During Named Plaintiff SANTANA's employment by Defendants, he generally worked 43 hours per week. Specifically, Named Plaintiff SANTANA generally worked for 8.5 hours per day, for five days per week. Named Plaintiff SANTANA was paid an hourly rate of $4.60 per hour.

17. Named Plaintiff SANTANA's paystubs did not accurately reflect his working hours. At all times, Named Plaintiff SANTANA was required to wear a uniform mandated by Defendants. When he began his shift, Named Plaintiff SANTANA was not allowed to punch his time clock until he finished changing into his uniform. He was also forced to punch out

before he changed out of his uniform at the end of his shift. Such policy of time shaving was prevalent at each of the David Burke Restaurants and applied to all Covered Employees. Because of Defendants' policy of time shaving, Named Plaintiff, Nationwide FLSA Collective Class and New York Rule 23 Class members did not properly receive their overtime premium because the hours worked as reflected in the paystubs were incorrect.

18. Defendants knowingly and willfully operated their business with a policy of not paying the lawful minimum wage to the Named Plaintiff, Nationwide FLSA Collective Class and New York Rule 23 Class members. Defendants were not entitled to take any tip credits under the FLSA and NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

19. Named Plaintiff retained Lee Litigation Group, PLLC to represent him and other employees similarly situated in this litigation and has agreed to pay the firm a reasonable fee for its services.

20. On February 1, 2013, Named Plaintiff's counsel received a call from Prudence Pitter of David Burke Restaurant Group stating that Defendants had sent a check to Named Plaintiff to settle this dispute. Defendants' counsel had received the undersigned's demand letter and with full knowledge that the Named Plaintiff was represented by counsel and attempted to usurp the judicial process by communicating with, and settling this dispute with the Named Plaintiff directly, without Named Plaintiff's counsel's, or the Court's, knowledge or approval. The Named Plaintiff, however, to the best of his knowledge, has not received any

such alleged check or any payment from Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

21. The Named Plaintiff brings the first claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Covered Employees who worked for Defendants at any of the David Burke Restaurants, at any time six years prior to the filing of this Complaint ("Nationwide FLSA Collective Class"). Upon information and belief, Defendants knowingly failed to pay the Named Plaintiff and the Nationwide FLSA Collective Class the lawful federal minimum wage for each hour worked and suffered and permitted the Named Plaintiff and the Nationwide FLSA Collective Class to work more than forty hours per week and did not pay them proper overtime compensation for all hours worked beyond forty per week.

22. Defendants' unlawful conduct has been widespread, repeated and consistent.

23. Upon information and belief, Defendants knew that the Named Plaintiff and the Nationwide FLSA Collective Class performed work that required overtime pay. Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

24. Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Named Plaintiff and the Nationwide FLSA Collective Class.

25. Defendants are liable under the FLSA for failing to properly compensate the Named Plaintiff and the Nationwide FLSA Collective Class, and as such, notice should be sent to the Nationwide FLSA Collective Class. There are numerous similarly situated, current and former employees of Defendants who have been denied minimum wages, overtime pay and

unpaid compensation due to time shaving, in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

26. The Named Plaintiff brings the second claim for relief on his own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. The New York Rule 23 Class is defined as:

> **All persons who worked for Defendants as a tipped employee, including waiters, busboys, runners, barbacks and bartenders, in any of the David Burke Restaurants in the state of New York at any time from six years prior to the filing of this Complaint (the "New York Rule 23 Class" and the "New York Class Period," respectively).**

27. The persons in the New York Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, upon information and belief, Defendants have employed at least 100 persons who satisfy the definition of the New York Class.

28. There are questions of law and fact common to this New York Rule 23 Class that predominate over any questions solely affecting individual members of the New York Rule 23 Class, including but not limited to:

> a) Whether Defendants employed the Named Plaintiff and the New York Rule Class within the meaning of the New York law;
>
> b) What are and were the policies, practices, programs, procedures, protocols

and plans of Defendants regarding the types of work and labor for which Defendants did not pay the New York Rule 23 Class members at all;

c) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the New York Rule 23 Class members for their work;

d) Whether Defendants failed to properly compensate the Named Plaintiff and New York Rule 23 Class members for all their hours worked due to a policy of time shaving and failing to correctly track the hours worked by the Named Plaintiff and New York Rule 23 Class members; and

e) Whether Defendants paid the Named Plaintiff and New York Rule 23 Class members the minimum wage.

f) Whether Defendants paid the Named Plaintiff and the New York Rule 23 Class "Spread of Hours" on days when their workday exceeded ten hours.

29. The Named Plaintiff's claims are typical of those of the New York Rule 23 Class. The Named Plaintiff, like other members of the New York Rule 23 Class, was subjected to Defendants' policy and practice of failing to pay the lawful minimum wage, time shaving, refusal to pay overtime pay and spread of hours premium in violation of New York law. The Named Plaintiff's job duties as a busboy and barback were typical of those other New York Rule 23 Class members who were or are employed by Defendants.

30. The Named Plaintiff will fairly and adequately protect the interests of the New York Rule 23 Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

31. A class action is superior to other available methods for the fair and efficient

adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

32. Class certification of the second claim for relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the New York Rule 23 Class, thereby making appropriate declaratory and injunctive relief. The New York Rule 23 Class is also entitled to injunctive relief to end Defendants' common and

uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

33. Class certification of the second claim for relief is also appropriate under Fed. R. Civ. P. 23 (b)(3) because questions of law and fact common to the New York Rule 23 Class predominate over any questions affecting only individual members of the New York Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the New York Rule 23 Class wages to which they are entitled. The damages suffered by the individual New York Rule 23 Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

34. The Named Plaintiff intends to send notice to all members of the New York Rule 23 Class to the extent required by Rule 23.

## STATEMENT OF CLAIM

### FIRST CLAIM FOR RELIEF

On behalf of the Named Plaintiff and the Nationwide FLSA Collective Class

35. The Named Plaintiff and the Nationwide FLSA Collective Class alleges and incorporates by reference the allegations in the preceding paragraphs.

36. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed and/or continues to employ Named Plaintiff and each of the Nationwide FLSA Collective Class

plaintiffs. At all relevant times, upon information and belief Defendants have had gross operating revenues in excess of $500,000.00.

37. The Named Plaintiff consents in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b). The Named Plaintiff and additional similarly situated individuals who are interested in joining this case as opt-in plaintiffs have filed written consent forms. As this case proceeds, it is likely that other individuals will sign consent forms

38. Defendants failed to pay Named Plaintiff and Nationwide FLSA Collective Class plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

39. At all relevant times, the Defendants had a policy and practice of refusing to pay the proper wages to Named Plaintiff and Nationwide FLSA Collective Class plaintiffs for their hours worked due to Defendants' policy of time shaving.

40. Defendants failed to pay Named Plaintiff and Nationwide FLSA Collective Class plaintiffs their wages in the lawful amount for their hours worked.

41. Records, if any, concerning the number of hours worked by Named Plaintiff and Nationwide FLSA Collective Class plaintiffs and the actual compensation paid to Named Plaintiff and Nationwide FLSA Collective Class plaintiffs should be in the possession and custody of the Defendants. Named Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Named Plaintiff and Nationwide FLSA Collective Class plaintiffs at the statutory rate of time and one-half for their hours worked in

excess of forty (40) hours per week when Defendants knew or should have known such was due.

43. Defendants failed to properly disclose or apprise Named Plaintiff and Nationwide FLSA Collective Class plaintiffs of their rights under the FLSA.

44. As a direct and proximate result of Defendants' willful disregard of the FLSA, Named Plaintiff and Nationwide FLSA Collective Class plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

45. Due to the intentional, willful and unlawful acts of Defendants, Named Plaintiff and Nationwide FLSA Collective Class plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime wages, plus an equal amount as liquidated damages.

46. Named Plaintiff and Nationwide FLSA Collective Class plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

### NEW YORK LABOR LAWS

On behalf of the Named Plaintiff and the New York Rule 23 Class

47. The Named Plaintiff and the New York Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

48. At all times relevant to this action, the Named Plaintiff and the New York Rule 23 Class were employed by Defendants within the meaning of New York Labor Law, Article 19.

49. By the course of conduct set forth above, Defendants have violated the New York Labor Law, Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, New York Labor Laws").

50. Defendants willfully violated Named Plaintiff's and New York Rule 23 Class members' rights by failing to pay them (i) compensation due to time shaving, and (ii) overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

51. Defendants willfully violated Named Plaintiff's and New York Rule 23 Class members' rights by failing to pay them wages in the lawful amount for hours worked due to time shaving.

52. Defendants willfully violated Plaintiff's and New York Rule 23 Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

53. Named Plaintiff and Rule 23 Class members regularly worked more than ten hours in a workday. Defendants willfully violated Named Plaintiff's and New York Rule 23 Class members' rights by failing to pay "spread of hours" premium to them for each day they worked ten or more hours.

53. Due to the Defendants' New York Labor Law violations, Named Plaintiff and New York Rule 23 Class members are entitled to recover from Defendants unpaid minimum wages, unpaid overtime, unpaid wages caused by time shaving, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements

of the action, pursuant to New York Labor Law.

### PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiff, on behalf of himself and all members of the Nationwide FLSA Collective Class prays for relief as follows:

A. Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members, appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Plaintiff Consent Forms;

B. Designation of the Named Plaintiff as Representative of the Nationwide FLSA Collective Class;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E. An award of damages, according to proof, including liquidated damages and loss of benefits, to be paid by Defendants;

F. Costs of action incurred herein, including expert fees;

G. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H. Pre-Judgment and Post-Judgment interest as provided by law; and

I. Such other legal and equitable relief as this Court deems necessary, just and proper.

WHEREFORE, the Named Plaintiff, on behalf of himself and all members of the New York Rule 23 Class he represents, respectfully requests, prays for relief as follows:

    a.    Certification of this action as a class action on behalf of the New York Rule 23 Class;

    b.    Designation of the Named Plaintiff as a Representative of the Class he seeks to represent;

    c.    A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

    d.    Appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

    e.    Appropriate statutory penalties;

    f.    An award of liquidated and/or punitive damages pursuant to the New York Labor Law;

    g.    Restitution;

    h.    Pre-Judgment and Post-Judgment interest, as provided by law;

    i.    Attorney's fees and costs of suit, including expert fees;

    j.    Designation of Named Plaintiff as Representative of the Class; and

    k.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Named Plaintiff individually and on behalf of all others similarly situated, hereby demands trial by jury on all issues so triable as of right by jury.

Dated: March 11, 2013

                        Respectfully submitted,

                        LEE LITIGATION GROUP, PLLC
                        C.K. Lee, Esq.
                        Anne Seelig, Esq.
                        Shin Hahn, Esq.
                        30 East 39th Street, Second Floor
                        New York, NY 10016
                        Tel.: 212-465-1188
                        Fax: 212-465-1181
                        *Attorneys for Plaintiff, individually and for*
                        *all others similarly situated.*

By: _____
      C.K. Lee