C.K. Lee, Esq.
Anne Seelig, Esq.
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, New York 10016
Tel: (212) 465-1180
Fax: (212) 465-1181

RECEIVED
MAY 1 7 2013
U.S.D.C. S.D. N.Y.
CASHIERS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELVIS SANTANA and
MIGUEL JAIME-DORANTES,
on behalf of themselves, FLSA Collective Plaintiffs
and Class Members,

                    Plaintiffs,

                    -against-

FISHLEGS LLC,
GIOCO RESTAURANT CORP.,
DAVID BURKE 59 CORP.,
6 GRAND LLC,
RIDGE ROAD RESTAURANT, LLC,
DAVID BURKE LLC,
JOHN DOE CORP. (together the
"Corporate Defendants"),
DAVID BURKE and JEFFREY A. CITRON,

                    Defendants.

Case No.: 13-CV-1628

**FIRST AMENDED**
**CLASS ACTION**
**COMPLAINT**

JURY TRIAL DEMANDED

---

Plaintiffs, ELVIS SANTANA and MIGUEL JAIME-DORANTES (each a "Named Plaintiff" and collectively the "Named Plaintiffs"), allege, on behalf of themselves and others similarly situated as follows:

## PRELIMINARY STATEMENT

1.     Named Plaintiff ELVIS SANTANA worked in the positions of busboy and

barback for Defendants, at Defendants' "Fishtail" restaurant located at 135 East 62nd Street, New
York, NY 10065.

2.      Named Plaintiff MIGUEL JAIME-DORANTES worked in the position of line
cook for Defendants, at Defendants' "David Burke Townhouse" restaurant located at 133 E. 61st
Street, New York, NY 10065.

3.      Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the
Named Plaintiffs bring this action for (1) unpaid minimum wages (2) unpaid overtime pay and
(3) unpaid compensation due to time shaving, on behalf of themselves and all other similarly
situated current and former employees nationwide who work or worked as non-exempt
employees, including cooks, dish washers, food preparers, porters, waiters, busboys, runners,
barbacks and bartenders, in the past six years ("Covered Employees") at any of the David Burke
Restaurants (defined below).

4.      In addition to nationwide FLSA claims, the Named Plaintiffs also bring claims
under the laws of New York on behalf of themselves and all Covered Employees, who worked in
the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy
violations of New York Labor Law, Article 19 §§ 650 *et. seq*., and the supporting New York
State Department of Labor Regulations (together, "NYLL").

5.      For at least six years prior to the filing of this Complaint, Defendants have
willfully committed widespread violations of the FLSA and New York state laws by failing to
pay Covered Employees (1) unpaid minimum wages,  (2) unpaid overtime and (3) unpaid
compensation for all hours worked due to a policy of time shaving.

## JURISDICTION AND VENUE

6.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, this action being

2

brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Original jurisdiction exists over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the Named Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

7.      In addition, this Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. § 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative fact.

8.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2002.

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, because Plaintiff and certain Defendants reside in this district and because a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES**

10.      (a) Named Plaintiff SANTANA is a resident of New York County, New York.

(b) Named Plaintiff JAIME-DORANTES is a resident of Bronx County, New York.

11.      (a) FISHLEGS LLC d/b/a Fishtail is a limited liability company organized under the laws of the State of New York, with a principal place of business at 135 East 62nd Street, New York, NY 10065, and an address for service of process, located at c/o Eric Kutner, Esq., 200 Old Country Road, Ste. 364, Mineola, NY 11501;

3

(b) GIOCO RESTAURANT CORP. d/b/a David Burke Townhouse is a corporation organized under the laws of the State of New York, with a principal executive office, and an address for service of process, located at 133 East 61st Street, New York, NY 10021;

(c) DAVID BURKE 59 CORP. d/b/a David Burke at Bloomingdale's is a corporation organized under the laws of the State of New York, with a principal executive office, and an address for service of process, 807 Lexington Avenue, Suite 2R, New York, NY 10021;

(d) 6 GRAND LLC is a limited liability company organized under the laws of the State of New York, with a principal executive office at 807 Lexington Avenue, Suite 2R, New York, NY 10065;

(e) RIDGE ROAD RESTAURANT LLC d/b/a David Burke Fromagerie is a limited liability company organized under the laws of the State of New Jersey, with a principal place of business located at 26 Ridge Road, Rumson, New Jersey 07760;

(f) DAVID BURKE LLC d/b/a David Burke Prime Steakhouse is a limited liability company organized under the laws of the State of Connecticut, with a principal place of business located at Foxwoods Resort Casino, 350 Trolley Line Blvd., Mashantucket, Connecticut 06338.

(g) JOHN DOE CORP. d/b/a Primehouse David Burke is a company organized under the laws of the State of Illinois, with a principal place of business located at the James Hotel Chicago, 616 N. Rush Street, Chicago, Illinois 60611. (FISHLEGS, LLC, GIOCO RESTAURANT CORP., DAVID BURKE 59 CORP., 6 GRAND LLC, RIDGE ROAD RESTAURANT LLC, DAVID BURKE LLC and JOHN DOE CORP. collectively referred as "Corporate Defendants").

12.    (a) DAVID BURKE is a principal of FISHLEGS LLC, 6 GRAND LLC, RIDGE ROAD RESTAURANT LLC, DAVID BURKE LLC and JOHN DOE CORP., and is a principal and the

4

Chairman or Chief Executive Officer of DAVID BURKE 59 CORP. and GIOCO RESTAURANT CORP. DAVID BURKE is the controlling member or shareholder of each of the Corporate Defendants.

(b) JEFFREY A. CITRON (together with DAVID BURKE, the "Individual Defendants") is a principal of FISHLEGS, LLC, DAVID BURKE 59 CORP. and GIOCO RESTAURANT CORP.

(c) Each of the Individual Defendants exercised control over the terms and conditions of the employment of the Named Plaintiffs, FLSA Collective Plaintiffs and New York Rule 23 Class members. Each of the Individual Defendants had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of the Named Plaintiffs, the FLSA Collective Plaintiffs and the New York Rule 23 Class members. Each also had the power and authority to supervise and control supervisors of the Named Plaintiffs, the FLSA Collective Plaintiffs and the New York Rule 23 Class members.

13.     The Defendants operate a food services enterprise self-entitled as the David Burke Group. Such food services enterprise includes the following businesses operating under the following trade names and locations:

**Fishtail,** located at 153 East 62nd Street, New York, NY 10065;

**David Burke Townhouse**, located at 133 East 61st Street, New York, NY 10065;

**David Burke at Bloomingdale's**, located at 1000 3rd Avenue, New York, NY 10022;

**David Burke Kitchen**, located at 23 Grand Street, New York, NY 10013;

**David Burke Fromagerie**, located at 26 Ridge Road, Rumson, New Jersey 07760;

**David Burke Prime Steakhouse**, located at Foxwoods Resort Casino, 350 Trolley Line Blvd., Mashantucket, Connecticut 06338;

**Primehouse David Burke,** located at James Hotel Chicago, 616 N. Rush Street,

Chicago, Illinois 60611.

(Fishtail, David Burke Townhouse, David Burke at Bloomingdale's, David Burke Kitchen, David Burke Fromagerie, David Burke Prime Steakhouse and Primehouse David Burke collectively, the "David Burke Restaurants").

14.     The David Burke Restaurants are operated and marketed by Defendants as a common enterprise and share the same employment policies.   Each of the David Burke Restaurants is advertised and marketed jointly on Defendants' website located at www.davidburke.com.    The various business operations of the David Burke Restaurants are jointly marketed through the David Burke website. The David Burke Restaurants are all owned and operated by celebrity chef David Burke, together with others.  The David Burke Restaurants share the same director of private events, human resources personnel and attorneys. Employment opportunities are jointly advertised, and reservations for all restaurants are made through the David Burke website.  Merchandise and supplies are shared among the David Burke Restaurants, and employees are paid by the same payroll methods.

## STATEMENT OF FACTS

15.     In or about November 2008, Named Plaintiff SANTANA, was hired by Defendants to work as a busboy and barback at Defendants' "Fishtail" restaurant located at 135 East 62nd Street, New York, NY.  From the commencement of his employment to March 2009, Named Plaintiff SANTANA worked as a busboy.  From in or about March 2009 to the end of his employment, Named Plaintiff SANTANA worked as a barback.  During his employment by

6

Defendants, Named Plaintiff SANTANA was required to travel to the other David Burke Restaurants to pick up merchandise and supplies.

16.     Named Plaintiff SANTANA worked for Defendants until on or about April 2009.

17.     During Named Plaintiff SANTANA's employment by Defendants, he generally worked 43 hours per week. Specifically, Named Plaintiff SANTANA generally worked for 8.5 hours per day, for five days per week. Named Plaintiff SANTANA was paid an hourly rate of $4.60 per hour. Named Plaintiff SANTANA was never paid when he worked in excess of his scheduled hours. He typically worked two to three hours per week in excess of his scheduled hours. Similarly Nationwide FLSA Collective Class and New York Rule 23 Class members did not receive compensation for hours worked in excess of their scheduled hours.

18.     Named Plaintiff SANTANA's paystubs did not accurately reflect his working hours. At all times, Named Plaintiff SANTANA was required to wear a uniform mandated by Defendants. When he began his shift, Named Plaintiff SANTANA was not allowed to punch his time clock until he finished changing into his uniform. He was also forced to punch out before he changed out of his uniform at the end of his shift. Such policy of time shaving was prevalent at each of the David Burke Restaurants and applied to all Covered Employees. Because of Defendants' policy of time shaving, Named Plaintiff, Nationwide FLSA Collective Class and New York Rule 23 Class members also did not properly receive their overtime premium because the hours worked as reflected in the paystubs were incorrect.

19.     In or about June 2012, Named Plaintiff JAIME-DORANTES was hired by Defendants to work as a line cook at Defendants' "David Burke Townhouse" restaurant located at 133 East 61st Street, New York, NY 10065.

7

20.     Named Plaintiff JAIME-DORANTES worked for Defendants until October 2012. Named Plaintiff JAIME-DORANTES' regular schedule was for forty (40) hours per week during his employment with Defendants. He worked eight hours per day, five days per week, He was paid an hourly rate of $13.00 per hour. At least twice per week (or more depending on business) Plaintiff JAIME-DORANTES would work approximately one half hour to one hour past his regular daily schedule but would never be compensated for such time.

21.     On numerous occasions, when David Burke Townhouse was not crowded, Named Plaintiff JAIME-DORANTES would arrive early only to be told to go home. At no time did he receive "call-in pay" or any other type of compensation. He observed that other employees were subject to the same practice.

22.     Named Plaintiff JAIME-DORANTES's paystubs did not accurately reflect his working hours. At all times Plaintiff JAIME-DORANTES would utilize a time-clock to record how many hours he worked per week. On several occasions, he observed his manager adjust the amount of time recorded so that it would appear as though he worked less than forty hours per week. The general policy set by Defendants for all David Burke Restaurants was that employees were only paid for their scheduled work hours and not for actual hours worked.

23.     Because of Defendants' policy of time shaving, Named Plaintiffs, Nationwide FLSA Collective Class and New York Rule 23 Class members did not properly receive their wages for all hours worked or their proper overtime premium.

24.     Defendants knowingly and willfully operated their business with a policy of not paying the lawful minimum wage to the Named Plaintiff SANTANA, and members of the Nationwide FLSA Collective Class and the members of the New York Rule 23 Class that were tipped employees. Defendants were not entitled to take any tip credit under the FLSA and NYLL,

because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

25.     Named Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

26.     On February 1, 2013, Named Plaintiffs' counsel received a call from Prudence Pitter of David Burke Restaurant Group stating that Defendants had sent a check to Named Plaintiff SANTANA to settle this dispute.  Defendants' counsel had received the undersigned's demand letter and with full knowledge that the Named Plaintiff SANTANA was represented by counsel and attempted to usurp the judicial process by communicating with, and settling this dispute with the Named Plaintiff SANTANA directly, without Named Plaintiff SANTANA's counsel's, or the Court's knowledge or approval.  Named Plaintiff SANTANA, however, to the best of his knowledge, has not received any such alleged check or any payment from Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

27.     The Named Plaintiffs bring the first claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Covered Employees who worked for Defendants at any of the David Burke Restaurants, at any time six years prior to the filing of this Complaint ("Nationwide FLSA Collective Class").  Upon information and belief, Defendants knowingly failed to pay the Named Plaintiff and the Nationwide FLSA Collective Class (i) the lawful federal minimum wage for each hour worked and suffered and permitted the Named

9

Plaintiffs and the Nationwide FLSA Collective Class to work more than forty hours per week, (ii) proper overtime compensation for all hours worked beyond forty per week and (iii) compensation for off the clock work.

28.     Defendants' unlawful conduct has been widespread, repeated and consistent.

29.     Upon information and belief, Defendants knew that the Named Plaintiffs and the Nationwide FLSA Collective Class performed work that required overtime pay. Defendants operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

30.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to the Named Plaintiffs and the Nationwide FLSA Collective Class.

31.     Defendants are liable under the FLSA for failing to properly compensate the Named Plaintiffs and the Nationwide FLSA Collective Class, and as such, notice should be sent to the Nationwide FLSA Collective Class. There are numerous similarly situated, current and former employees of Defendants who have been denied minimum wages, overtime pay and unpaid compensation due to time shaving, in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

32.     The Named Plaintiffs bring the second claim for relief on their own behalf and as a class action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure. The New York Rule 23 Class is defined as:

10

**All persons who worked for Defendants as a non-exempt employee, including cooks, line cooks, dish washers, food preparers, waiters, busboys, runners, barbacks and bartenders, in any of the David Burke Restaurants in the State of New York at any time from six years prior to the filing of this Complaint (the "New York Rule 23 Class" and the "New York Class Period," respectively).**

33.     The persons in the New York Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, upon information and belief, Defendants have employed at least 100 persons who satisfy the definition of the New York Class.

34.     There are questions of law and fact common to this New York Rule 23 Class that predominate over any questions solely affecting individual members of the New York Rule 23 Class, including but not limited to:

   a)  Whether Defendants employed the Named Plaintiffs and the New York Rule Class within the meaning of the New York law;

   b)  What are and were the policies; practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the New York Rule 23 Class members at all;

   c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the New York Rule 23 Class members for their work;

   d)  Whether Defendants failed to properly compensate the Named Plaintiff and New York Rule 23 Class members for all their hours worked due to a policy

11

of time shaving and failing to correctly track the hours worked by the Named

Plaintiff and New York Rule 23 Class members; and

e)   Whether Defendants failed to properly compensate the Named Plaintiff and

New York Rule 23 Class members for their proper overtime premium for all

hours worked over 40;

f)   Whether Defendants were entitled to take a tip credit;

g)   Whether Defendants paid the Named Plaintiffs and the New York Rule 23

Class "Spread of Hours" on days when their workday exceeded ten hours.

35.     The Named Plaintiffs' claims are typical of those of the New York Rule 23 Class.
The Named Plaintiffs, like other members of the New York Rule 23 Class, were subjected to
Defendants' policy and practice of failing to pay the lawful minimum wage, time shaving,
refusal to pay overtime pay and spread of hours premium in violation of New York law.

36.     The Named Plaintiffs will fairly and adequately protect the interests of the New
York Rule 23 Class, and have retained counsel experienced in complex wage and hour class and
collective action litigation.

37.     A class action is superior to other available methods for the fair and efficient
adjudication of the controversy – particularly in the context of the wage and hour litigation
where individual class members lack the financial resources to vigorously prosecute a lawsuit
against corporate defendants. Class action treatment will permit a large number of similarly
situated persons to prosecute common claims in a single forum simultaneously, efficiently, and
without the unnecessary duplication of efforts and expense that numerous individual actions
engender. Because of losses, injuries and damages suffered by each of the individual Class

12

members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

38.    Class certification of the second claim for relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the New York Rule 23 Class, thereby making appropriate declaratory and injunctive relief. The New York Rule 23 Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

39.    Class certification of the second claim for relief is also appropriate under Fed. R. Civ. P. 23 (b)(3) because questions of law and fact common to the New York Rule 23 Class predominate over any questions affecting only individual members of the New York Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient

13

adjudication of this litigation. Defendants' common and uniform policies and practices denied

the New York Rule 23 Class wages to which they are entitled. The damages suffered by the

individual New York Rule 23 Class members are small compared to the expense and burden of

individual prosecution of this litigation. In addition, class certification is superior because it will

obviate the need for unduly duplicative litigation that might result in inconsistent judgments

about Defendants' practices.

40.    The Named Plaintiffs intend to send notice to all members of the New York Rule

23 Class to the extent required by Rule 23.

## STATEMENT OF CLAIM

### FIRST CLAIM FOR RELIEF

On behalf of the Named Plaintiffs and the Nationwide FLSA Collective Class

41.    The Named Plaintiffs and the Nationwide FLSA Collective Class allege and

incorporate by reference the allegations in the preceding paragraphs.

42.    At all relevant times, Defendants were and continue to be employers engaged in

interstate commerce and/or the production of goods for commerce within the meaning of the

FLSA, 29 U.S.C. §§ 206(a) and 207 (a). At all relevant times, Defendants employed and/or

continue to employ Named Plaintiffs and each of the Nationwide FLSA Collective Class

plaintiffs. At all relevant times, upon information and belief each of the Corporate Defendants

have had gross operating revenues in excess of $500,000.00.

43.    The Named Plaintiffs consent in writing to be a part of this action, pursuant to 29

U.S.C. § 216(b). The Named Plaintiffs and additional similarly situated individuals who are

interested in joining this case as opt-in plaintiffs have filed written consent forms. As this case

proceeds, it is likely that other individuals will sign consent forms

14

44.     Defendants failed to pay Named Plaintiffs and Nationwide FLSA Collective Class plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

45.     At all relevant times, the Defendants had a policy and practice of refusing to pay the proper wages to Named Plaintiffs and Nationwide FLSA Collective Class plaintiffs for their hours worked due to Defendants' policy of time shaving.

46.     Defendants failed to pay Named Plaintiffs and Nationwide FLSA Collective Class plaintiffs their wages in the lawful amount for their hours worked.

47.     Records, if any, concerning the number of hours worked by Named Plaintiffs and Nationwide FLSA Collective Class plaintiffs and the actual compensation paid to Named Plaintiffs and Nationwide FLSA Collective Class plaintiffs should be in the possession and custody of the Defendants. Named Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Named Plaintiffs and Nationwide FLSA Collective Class plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

49.     Defendants failed to properly disclose or apprise Named Plaintiffs and Nationwide FLSA Collective Class plaintiffs of their rights under the FLSA.

50.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Named Plaintiffs and Nationwide FLSA Collective Class plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

15

51.    Due to the intentional, willful and unlawful acts of Defendants, Named Plaintiffs and Nationwide FLSA Collective Class plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime wages, plus an equal amount as liquidated damages.

52.    Named Plaintiffs and Nationwide FLSA Collective Class plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

### NEW YORK LABOR LAWS

On behalf of the Named Plaintiffs and the New York Rule 23 Class

53.    The Named Plaintiffs and the New York Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

54.    At all times relevant to this action, the Named Plaintiffs and the New York Rule 23 Class were employed by Defendants within the meaning of New York Labor Law, Article 19.

55.    By the course of conduct set forth above, Defendants have violated the New York Labor Law, Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, New York Labor Laws").

56.    Defendants willfully violated Named Plaintiffs' and New York Rule 23 Class members' rights by failing to pay them (i) compensation due to time shaving, and (ii) overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57.    Defendants willfully violated Named Plaintiffs' and New York Rule 23 Class members' rights by failing to pay them wages in the lawful amount for hours worked due to time

16

shaving.

58.     Defendants willfully violated Named Plaintiffs' and New York Rule 23 Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

59.     Named Plaintiff SANTANA and Rule 23 Class members regularly worked more than ten hours in a workday.  Defendants willfully violated Named Plaintiff SANTANA's and New York Rule 23 Class members' rights by failing to pay "spread of hours" premium to them for each day they worked ten or more hours.

60.     Due to the Defendants' New York Labor Law violations, Named Plaintiffs and New York Rule 23 Class members are entitled to recover from Defendants unpaid minimum wages, unpaid overtime, unpaid wages caused by time shaving, unpaid spread of hours premium, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs, on behalf of themselves and all members of the Nationwide FLSA Collective Class pray for relief as follows:

A.  Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Class (asserting FLSA claims) and prompt issuance of notice pursuant to

17

29 U.S.C. § 216(b) to all similarly situated members, appraising them of the

pendency of this action, and permitting them to assert timely FLSA claims in this

action by filing individual Plaintiff Consent Forms;

B.  Designation of the Named Plaintiffs as Representatives of the Nationwide FLSA

Collective Class;

C.  A declaratory judgment that the practices complained of herein are unlawful under

the FLSA;

D.  An injunction against Defendants and its officers, agents, successors, employees,

representatives, and any and all persons acting in concert with them, as provided by

law, from engaging in each of the unlawful practices, policies and patterns set forth

herein;

E.  An award of damages, according to proof, including liquidated damages and loss of

benefits, to be paid by Defendants;

F.  Costs of action incurred herein, including expert fees;

G.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H.  Pre-Judgment and Post-Judgment interest as provided by law; and

I.  Such other legal and equitable relief as this Court deems necessary, just and proper.

**WHEREFORE**, the Named Plaintiffs, on behalf of themselves and all members of the

New York Rule 23 Class they represent, respectfully request, pray for relief as follows:

a.  Certification of this action as a class action on behalf of the New York Rule 23

Class;

b.  Designation of the Named Plaintiffs as Representatives of the Class they seek to

represent;

18

c.   A declaratory judgment that the practices complained of herein are unlawful
     under appropriate state law;

d.   Appropriate equitable and injunctive relief to remedy Defendants' violations of
     state law, including but not necessarily limited to an order enjoining Defendants
     from continuing its unlawful practices;

e.   Appropriate statutory penalties;

f.   An award of liquidated and/or punitive damages pursuant to the New York Labor
     Law;

g.   Restitution;

h.   Pre-Judgment and Post-Judgment interest, as provided by law;

i.   Attorney's fees and costs of suit, including expert fees; and

j.   Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Named Plaintiffs individually and on behalf of all others similarly situated, hereby demand trial by jury on all issues so triable as of right by jury.

Dated: May 17, 2013                    Respectfully submitted,

                                       LEE LITIGATION GROUP, PLLC

                                       By: _____

                                       C.K. Lee (CL 4086)
                                       30 East 39th Street, Second Floor
                                       New York, NY 10016
                                       Tel.: 212-465-1188
                                       Fax: 212-465-1181
                                       *Attorneys for Plaintiffs, FLSA Collective Plaintiffs
                                       and Class Members*