UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ELVIS SANTANA, *et al.*,                                :
                                        Plaintiffs,      :
                                                         :        13 Civ. 01628 (LGS)
                        -against-                        :
                                                         :        OPINION AND ORDER
FISHLEGS, LLC, *et al.*,                                 :
                                        Defendants.      :
                                                         :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___11/7/13___

LORNA G. SCHOFIELD, District Judge:

Plaintiffs Elvis Santana and Miguel Jaime-Dorantes, on behalf of themselves and others similarly situated, bring this action against various individual and corporate Defendants pursuant to the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Before the Court are two motions: (1) Plaintiffs' Motion for Conditional Collective Certification and for Court Facilitation of Notice ("Motion to Certify"), and (2) Defendants' Motion for Partial Dismissal ("Motion to Dismiss").

For the reasons stated below, Plaintiffs' Motion to Certify is granted in part and denied in part, and Defendants' Motion to Dismiss is likewise granted in part and denied in part.

I.      **BACKGROUND**

The facts below are taken from the First Amended Complaint (the "Complaint") and Plaintiffs' declarations submitted in support of their Motion to Certify.

The Complaint asserts claims against seven corporate and two individual defendants (the "Defendants"). Each of the corporate Defendants operates one of the David Burke restaurants in the David Burke Group. Four of the restaurants are located in New York – Fishtail, David Burke Townhouse, David Burke at Bloomingdale's and David Burke Kitchen. The other three are located respectively in Illinois, Connecticut and New Jersey. The restaurants are owned and

operated by celebrity chef Defendant David Burke along with others, including Defendant Jeffrey Citron.  The restaurants engage in joint advertising and marketing, share human resources and legal personnel, jointly solicit job applicants, and pay their employees with the same payroll methods.

Plaintiff Elvis Santana worked as a busboy and barback at Fishtail restaurant in New York City from November 2008 to April 2009.  During his employment, he was paid $4.60 per hour, which was below minimum wage.  He was never given notice that the employer was taking a tip credit.  He generally worked 8.5 hours per day, five days per week, but was not paid either regular wages or overtime for the two to three hours he worked in excess of 40 hours per week. Mr. Santana was not allowed to be punched in on the time-clock while he changed into and out of the uniform he was required to wear at work.

Plaintiff Miguel Jaime-Dorantes worked as a line cook at the David Burke Townhouse restaurant in New York City from June to October 2012.  He was scheduled to work eight hours per day, five days per week.  At least twice per week, he worked one-half to one hour past his scheduled hours, but was never paid either regular wages or overtime for those hours.  On slow days at the restaurant, Mr. Jaime-Dorantes and other employees arrived early only to be told to go home, but did not receive "call-in pay."  On several occasions, Mr. Jaime-Dorantes observed his manager reducing the record of his hours worked as recorded by the time-clock so that it would appear that he had worked less than 40 hours per week.

While employed at their respective restaurants, both Plaintiffs worked with employees transferred from other David Burke restaurants.  They learned through conversations with those employees that each of the four David Burke restaurants located in New York instituted the same hour and wage policy for employees.

Based on the foregoing allegations, Plaintiffs advance two claims: first, Defendants withheld minimum wages, overtime pay and pay for all hours worked from Plaintiffs and those similarly situated nationwide for a period of six years prior to the commencement of the action, in knowing violation or willful disregard of the FLSA.  Second, Defendants knowingly withheld the same payments as well as a "spread of hours" premium for each workday that was 10 hours or longer from Plaintiffs and other New York employees who were similarly situated within six years of the commencement of the action, in willful violation of the NYLL.

## II.      Plaintiffs' Motion for Conditional Certification

### A.      Applicable Standard

Although the Second Circuit has never offered a definitive standard for the certification of collective actions under the FLSA, it has endorsed the two-step approach widely used by the district courts in this Circuit and by other circuit courts.  *Myers v. Hertz Corp.*, 624 F.3d 537, 554-55 (2d Cir. 2010) ("[T]he district courts of this Circuit appear to have coalesced around a two-step method, a method which . . . we think is sensible."); *see also Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260-62 (11th Cir. 2008); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546-47 (6th Cir. 2006).  "The first step involves the court making an initial determination to send notice to potential opt-in plaintiffs who may be 'similarly situated' to the named plaintiffs with respect to whether a FLSA violation has occurred."  *Myers*, 624 F.3d at 555.  The second step, typically taken upon the completion of discovery, requires the court to determine, "on a fuller record, . . . whether a so-called 'collective action' may go forward by determining whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs."  *Id.*  "The action may be 'de-certified' if the record reveals that they are not . . . ."  *Id.*

3

To establish that the named plaintiffs are "similarly situated" to the potential opt-in plaintiffs in the first stage of the inquiry, they must "make a 'modest factual showing' that they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated the law.'" *Id.* (quoting *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997)). "The modest factual showing cannot be satisfied simply by unsupported assertions, but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* similarly situated plaintiffs do in fact exist . . . ." *Id.* (internal quotation marks and citation omitted).

### B.    Analysis

In the Complaint, Plaintiffs define the class of employees for which they seek conditional certification as "current and former employees nationwide who work or worked as non-exempt employees, including cooks, dish washers, food preparers, porters, waiters, busboys, runners, barbacks and bartenders, in the past six years . . . at any of the David Burke Restaurants . . . ." The Complaint alleges that these employees ("Covered Employees") "did not receive compensation for hours worked in excess of their scheduled hours" and "did not properly receive their overtime premium because the hours worked as reflected in the paystubs were incorrect." The Complaint further alleges that Mr. Jaime-Dorantes observed that other employees at the Townhouse restaurant "were subject to the same practice" of being told to go home when arriving to work early on slow days.  It asserts that

> 22. . . . T he general policy set by Defendants for all David Burke Restaurants was that employees were only paid for their scheduled work hours and not for actual hours worked.
> 23. Because of Defendants' policy of time shaving, [Plaintiffs and Covered Employees] did not properly receive their wages for all hours worked or their proper overtime premium.
> 24. Defendants knowingly and willfully operated their business with a policy of not paying the lawful minimum wage to [Plaintiffs and Covered

Employees].

As for facts suggesting the existence of a common policy, the Complaint alleges that Mr. Burke owns a stake in all corporate Defendants and that the restaurants are "operated and marketed . . . as a common enterprise and share the same employment policies."  It states that "[e]ach of the David Burke Restaurants is advertised and marketed jointly on Defendants' website," that "[t]he David Burke Restaurants share the same director of private events, human resources personnel and attorneys," and that "[e]mployment opportunities are jointly advertised . . . and employees are paid by the same payroll methods."  Plaintiffs' Motion to Certify was accompanied by exhibits tending to show the joint marketing, advertising and ownership of the corporate Defendants.

In addition to the Complaint and the exhibits accompanying the Motion to Certify, Plaintiffs also submitted two declarations, one by each Plaintiff.  The content of the declarations corroborate the allegations in the Complaint as they relate to the four David Burke restaurants located in New York.  Both Plaintiffs state that "[t]o the best of [their] knowledge and based on [their] personal observation, Defendants operate [the four David Burke restaurants located in New York – collectively referred to by Plaintiffs as "David Burke Restaurants"] – as a common enterprise and each of [those] restaurants share common ownership and management . . . ."  Mr. Santana states that

> While I only worked at Fishtail restaurant, I observed employees from Fishtail restaurant be sent to work at other David Burke Restaurants, and observed that employees from other David Burke Restaurants would come to work at Fishtail restaurant.  B ased on m y own conversations with other employees transferred to Fishtail restaurant, I learned that Defendants instituted the same wage and hour policy to all employees at each of the David Burke Restaurants.

In nearly identical language, Mr. Jaime-Dorantes states that he derived his personal knowledge of

the wage and hour practices at the other three David Burke Restaurants in the same way.

Plaintiffs describe in their declarations the specific violations to which each was subject, and state

for each of those violations that based on their personal observation and conversations, the

employees at all New York restaurants were subject to those same violations.  Plaintiffs'

declarations make no factual assertions about the three David Burke restaurants outside New

York.

Based on the Complaint, the exhibits and Plaintiffs' declarations, the Court finds that

Plaintiffs have made the requisite "modest factual showing" that similarly situated potential opt-in

plaintiffs exist at the four New York restaurants for which Plaintiffs say they have been told about

the common compensation policy.  Courts in this Circuit regularly grant conditional certification

on allegations in the complaints and affidavits as the sole bases for the "factual showing."  *See,*

*e.g.*,  *Hernandez v. NGM Mgmt. Grp. LLC*, No. 12 Civ. 7795, 2013 WL 5303766, at *3 (S.D.N.Y.

Sept. 20, 2013); *Khamsiri v. George & Frank's Japanese Noodle Rest. Inc.*, No. 12 Civ. 265,

2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012); *Khalil v. Original Homestead Rest., Inc.*, No.

07 Civ. 695, 2007 WL 7142139, at *1 (S.D.N.Y. Aug. 9, 2007); *Sipas v. Sammy's Fishbox, Inc.*,

No. 05 Civ. 10319, 2006 WL 1084556, at *2 n.2 (S.D.N.Y. Apr. 24, 2006); *Mazur v. Olek*

*Lejbzon & Co.*, No. 05 Civ. 2194, 2005 WL 3240472, at *4-5 (S.D.N.Y. Nov. 30, 2005).

Leniency in favor of Plaintiffs at this stage comports with the spirit of the two-step approach and

its "low standard of proof" at the first step.  *Myers*, 624 F.3d at 555.

Defendants' arguments do not prevent conditional certification here.  Defendants cite six

district court cases in this Circuit in which the courts denied, in whole or in part and on various

grounds, motions to conditionally certify a class of employees spanning multiple locations.

However, the dispositive question in each case, as in this one, is whether the plaintiffs have made

a modest showing that the employees at each of the restaurants were subject to a common policy or plan the violated the law.  Here, Plaintiffs' sworn statements establish the basis of their knowledge with specific facts, noting the rotation of personnel among corporate Defendants that enabled Plaintiffs to meet and speak to employees at the other New York restaurants.  For each of the violations to which Plaintiffs were subject, they describe observing the same violation as to the employees at their respective restaurants and being told about the same violation by the employees at the other three New York restaurants.  Plaintiffs, who worked in different restaurants, corroborate each another on Defendants' policies of (i) compensating the employees for scheduled hours rather than hours actually worked, and (ii) not compensating for the time employees spend donning and doffing their uniforms.  To the extent that the declarations contain different violations, they are reasonably attributed to Plaintiffs' different positions, and do not at this stage defeat a conditional certification.  *See, e.g.*, *Harhash v. Infinity W. Shoes, Inc.*, No. 10 Civ. 8285, 2011 WL 4001072, at *3 (S.D.N.Y. Aug. 25, 2011) ("The fact that the employees held different positions at different locations does not prevent conditional certification."); *Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10 Civ.7557, 2011 WL 2207517, at *4 (S.D.N.Y. June 6, 2011) (holding that "the fact that the employees in the putative class performed different functions does not bar conditional certification" so long as they were "subjected to the same alleged unlawful policy that violated the FLSA"); *Summa v. Hofstra Univ.*, 715 F. Supp. 2d 378, 391 (E.D.N.Y. 2010) (holding that "variations in positions and job functions do not, at this preliminary stage, change the result" of conditional certification).

Plaintiffs have failed, however, to make the requisite showing of a common policy for the three non-New York restaurants, as neither Plaintiff claims personal or even second-hand knowledge of the employment and compensation practices at those restaurants in his declaration.

Although the proffered exhibits tend to show common ownership among and integrated functions across all seven restaurants, they do not by themselves suggest any misconduct.  As stated above, the standard "cannot be satisfied simply by unsupported assertions" in the Complaint alone. *Myers*, 624 F.3d at 555 (internal quotation marks omitted).  As such, employees at David Burke Fromagerie in New Jersey, David Burke Prime Steakhouse in Connecticut and Primehouse David Burke in Illinois are excluded from Covered Employees and ineligible for notice.

While Defendants correctly point out that the statute of limitations under the FLSA is not six years, the Court does not find the issuance of notice to all Covered Employees in the past six years to be improper.  In cases in which both FLSA claims and NYLL claims are asserted, a six-year notice period promotes judicial economy because it will include similarly situated employees with live NYLL claims.  *See Li v. 6688 Corp.*, No. 12 Civ. 6401, 2013 WL 5420319, at *3 (S.D.N.Y. Sept. 27, 2013); *Schwerdtfeger*, 2011 WL 2207517, at *6; *Gani v. Guardian Serv. Indus. Inc.*, No. 10 Civ. 4433, 2011 WL 167844, at *2 (S.D.N.Y. Jan. 13, 2011); *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998).

The Court agrees with Defendants' contention, however, that the description of attorneys' fees in the Proposed Notice should be modified.  Plaintiffs' Proposed Notice states: "The firm is handling the lawsuit on a 'contingency fee' basis, which means that you do not have to pay any attorneys' fees or expenses for this lawsuit. . . .  If you want your own attorney to represent you in this lawsuit, however, you will be responsible for paying that attorney's fees and expenses."  In *Li*, the plaintiffs – represented by the same counsel as Plaintiffs here – offered identical language regarding fees in their proposed notice.  *Li*, 2013 WL 5420319, at *3.  District Judge Griesa found it to be misleading and ordered the plaintiffs to modify it so it would be "more neutral and accurate."  *Id.*  Indeed, Judge Griesa referred the plaintiffs to alternative language for which their

counsel had previously received approval in another FLSA case.[1]  *Id.* (citing *Agudelo v. E & D LLC*, No. 12 Civ. 0960, 2012 WL 5426420 (S.D.N.Y. Nov. 5, 2012)).  The Court does likewise here.

### III.     Defendants' Motion to Dismiss

Defendants seek to dismiss all claims brought by Mr. Santana and the NYLL claim of the Rule 23 class that Mr. Santana hopes to represent.  Defendants also seek to dismiss claims against those corporate Defendants for which the two Plaintiffs did not work.

#### A.     Mr. Santana's FLSA Claim

Mr. Santana's claim under the FLSA is time-barred, a conclusion that he does not contest.  The FLSA provides a two- or three-year statute of limitations, depending on the willfulness of the alleged violations, and the limitations period begins to run upon the accrual of the cause of action.  29 U.S.C. § 255(a).  Whenever Mr. Santana's cause of action may have accrued, it could not have been later than April 2009, when his employment at Fishtail ended.  Given that, Mr. Santana's claim of willful violation expired no later than April 2012, and his claim of non-willful violation expired in 2011.  The Original Complaint was not filed until March 2013, nearly one year after the lapse of any FLSA claim that could have arisen from Mr. Santana's employment at Fishtail.

---

[1] In that case, the proposed notice, approved by District Judge Baer, stated: "If you choose to allow Lee Litigation Group, PLLC to represent you in the lawsuit then you will be subject to the attorneys' fee arrangement that the Class Representatives entered into with Lee Litigation Group, PLLC which provides that Lee Litigation Group, PLLC is handling this matter on a contingency basis, i.e., that the attorneys' fees and costs will be determined on a percentage basis based on the recovery on behalf of Plaintiff and that Plaintiff will not be responsible for fees and/or costs if there is no recovery for the Plaintiff.  The agreement further provides that in the event that the Class Representatives prevail on their claims at the conclusion of the case, Plaintiff' [sic] counsel will make an application to the Court for fees and costs.  The Court has discretion as to the amount of fees to award, and that the fees may be as much as 33 1/3% of any settlement fund or judgment, after the deduction of costs and expenses."  *Agudelo v. E & D LLC*, No. 12 Civ. 0960, 2012 WL 5426420 (S.D.N.Y. Nov. 5, 2012) (approved notice appended to the opinion).

As such, Mr. Santana's claim under the FLSA is dismissed as untimely.

The Court does not need to reach Defendants' argument that time spent "donning and doffing" a uniform is not compensable under the FLSA.  Only Mr. Santana makes this allegation in the Complaint, and his FLSA claim is dismissed.

**B.    Mr. Santana's NYLL Claim**

Defendants contend that the Court lacks subject matter jurisdiction over Mr. Santana's state law claim.  Fed. R. Civ. P. 12(b)(1).  Plaintiffs advance two theories of jurisdiction: first, they argue that Mr. Jaime-Dorantes's timely FLSA claim authorizes the Court to exercise supplemental jurisdiction over Mr. Santana's state law claim.  In the alternative, they argue that the Court has original jurisdiction over Mr. Santana's state law claim under the Class Action Fairness Act ("CAFA").  The Court finds the exercise of supplemental jurisdiction over the state law claim to be proper, and therefore does not reach the question of jurisdiction under the CAFA.

**1.    Applicable Standard in 12(b)(1) Challenges**

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists."  *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (internal quotation marks omitted), *aff'd*, 130 S. Ct. 2869 (2010).  "[T]he court must take all facts alleged in the complaint as true and draw all reasonable inferences in favor of plaintiff."  *Natural Res. Def. Council v. Johnson,* 461 F.3d 164, 171 (2d Cir. 2006) (internal quotation marks omitted).  Moreover, when "the defendant challenges the factual basis for the plaintiff's assertion of jurisdiction, '[j]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'"  *Jordan v. Verizon Corp.*, 391 F. App'x 10, 12 (2d Cir. 2010) (alteration in original) (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003)).  Thus, "[i]n resolving a motion to dismiss for

10

lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### 2. Analysis

"[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "For purposes of section 1367(a), claims 'form part of the same case or controversy' if they 'derive from a common nucleus of operative fact.'" *Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (quoting *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004)). "In determining whether two disputes arise from a 'common nucleus of operative fact,' we have traditionally asked whether 'the facts underlying the federal and state claims substantially overlapped . . . [or] the federal claim necessarily brought the facts underlying the state claim before the court.'" *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (alterations in original) (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)).

The Court finds supplemental jurisdiction over Mr. Santana's state law claim to be proper. In *Shahriar*, the Second Circuit found that where the plaintiffs asserted both FLSA (federal) and NYLL (state) claims, the requisite common nucleus of operative fact was present so long as both claims "arise out of the same compensation policies and practices." *Shahriar*, 659 F.3d at 245. As discussed above, Plaintiffs satisfied the standard of making "a modest factual showing" that Defendants share a common unlawful policy out of which both Plaintiffs' claims arose. In making that showing, Plaintiffs submitted evidence in the form of declarations and exhibits to

support their allegations in the Complaint.  In the absence of any evidence to the contrary, the Court determines that Plaintiffs have demonstrated the existence of common wage and hour practices underlying Mr. Santana's NYLL claim and Mr. Jaime-Dorantes's FLSA claim by a preponderance of the evidence.  While Defendants note several differences in Plaintiffs' individual circumstances, including the time periods and locations of their employment and the positions they held, those differences do not defeat the exercise of supplemental jurisdiction here in light of the Second Circuit's holding in *Shahriar* that a showing of common compensation policies among Defendants is sufficient to meet the common nucleus standard.

    **C.**    **Claims Against Five Corporate Defendants**

Defendants ask the Court to dismiss the five corporate Defendants for whom Plaintiffs have not worked (the "Five Corporate Defendants") on the ground that Plaintiffs have failed to state a claim as to them.  Fed. R. Civ. P. 12(b)(6).  The Five Corporate Defendants operate the following restaurants respectively: David Burke at Bloomingdale's in New York, David Burke Kitchen in New York, David Burke Fromagerie in New Jersey, David Burke Prime Steakhouse in Connecticut and Primehouse David Burke in Illinois.  Plaintiffs argue that all of the corporate Defendants should remain in the action because they are a "single integrated enterprise."  The Court agrees with Defendants that dismissal is warranted, but gives Plaintiffs leave to amend the Complaint for the sole purpose of adding allegations consistent with the Plaintiffs' declarations that they were informed by employees at the other New York restaurants of the same unlawful practices that Plaintiffs allegedly suffered.

    **1.**    **Applicable Standard in 12(b)(6) Challenges**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual matter pleaded must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 663.  While "'detailed factual allegations'" are not necessary, the pleading must be supported by more than mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'"  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).  "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Id.*  (quoting *Twombly*, 550 U.S. at 555).

### 2.    Analysis

Plaintiffs have not stated plausible claims against the corporate Defendants except Fishtail and David Burke Townhouse, their respective employers.  The Complaint describes each improper practice suffered by one of the Plaintiffs, followed by a conclusory statement that "the Nationwide FLSA Collective Class and the New York Rule 23 Class members" – defined to include employees at all seven David Burke restaurants – suffered the same treatment.  The Complaint omits the critical allegations found in Plaintiffs' declarations that they were informed by employees at the other New York David Burke restaurants that they experienced the same wage and hour violations, or even an allegation that "upon information and belief" the same unlawful practices occurred at the other New York David Burke restaurants where they did not work.

In arguing that the Five Corporate Defendants should not be dismissed, Plaintiffs cite the Complaint's allegations that the shared wage and hour practices arise from corporate Defendants' shared ownership, operations, marketing, recruiting, employment methods and human resources

personnel and invoke the "single integrated enterprise" doctrine.  However, in each of the cases

they cite, the question was whether the defendants could be considered joint employers of, and

therefore jointly liable to, the plaintiffs.  *Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ.

6091, 2013 WL 749497, at *6-8 (S.D.N.Y. Feb. 28, 2013); *Addison v. Reitman Blacktop, Inc.*,

283 F.R.D. 74, 84-85 (S.D.N.Y. 2011); *Reyes v. Altamarea Grp., LLC*, No. 10 Civ. 6451, 2011

WL 280799, at *3-4 (S.D.N.Y. Jan. 18, 2011); *Fowler v. Scores Holding Co., Inc.*, 677 F. Supp.

2d 673, 681 (S.D.N.Y. 2009).  Indeed, as the Second Circuit noted in *Gulino v. N.Y. State Educ.*

*Dep't*, the "single or joint employer" test examines whether two or more employers are so

interrelated, with centralized control of labor relations, and common management, ownership or

financial control, that they should "be treated as one for purposes of assigning liability."  460

F.3d 361, 378 (2d Cir. 2006).  In other words, if the Court were to find that the corporate

Defendants are indeed a single integrated enterprise, each corporate Defendant could be liable to

both Plaintiffs and every individual who successfully opts into this action – an outcome neither

sought by Plaintiffs nor warranted by the record before the Court.  Here, Plaintiffs claim only that

the Five Corporate Defendants are liable to their respective employees.  In this context, the single

integrated enterprise doctrine and the cases cited by Plaintiffs are inapplicable.

**IV.    CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss the following Defendants is

GRANTED:

(a) David Burke 59 Corp. d/b/a David Burke at Bloomingdale's,

(b) 6 Grand LLC,

(c) Ridge Road Restaurant LLC d/b/a David Burke Fromagerie,

(d) David Burke LLC d/b/a David Burke Prime Steakhouse, and

14

(e) John Doe Corp. d/b/a Primehouse David Burke;

but Plaintiffs are granted leave to amend the Complaint on or before **November 15, 2013**, in which they shall make only the following substantive changes: omit Ridge Road Restaurant LLC, David Burke LLC and John Doe Corp. LLC as Defendants; add allegations consistent with Plaintiffs' declarations that they were informed by employees of Defendants David Burke 59 Corp. and 6 Grand LLC Corp. that they suffered the same unlawful practices that Plaintiffs allegedly suffered; and adding the "d/b/a" allegation regarding Defendant 6 Grand LLC that was omitted from paragraph 11(d) in the current Complaint.

Effective upon the amendment of the Complaint as provided in the preceding paragraph, and for the foregoing reasons, conditional certification of the class, defined as "current and former employees nationwide who work or worked as non-exempt employees, including cooks, dish washers, food preparers, porters, waiters, busboys, runners, barbacks and bartenders, who worked at Fishtail, David Burke Townhouse, David Burke at Bloomingdale's or David Burke Kitchen on or after March 12, 2010" is GRANTED, and Plaintiff's Motion to Certify is otherwise DENIED.

Defendants shall provide to Plaintiffs the names, last known addresses, telephone numbers and email addresses of all of the types of employees described in the preceding paragraph, but who worked at Fishtail, David Burke Townhouse, David Burke at Bloomingdale's or David Burke Kitchen on or after March 12, 2007, in digital and paper form.

The parties shall confer and agree, if possible, on the form of notice and shall submit a revised form of notice, consent form and proposed order consistent with the rulings contained in

this Opinion and Order by **November 29, 2013.**

The Clerk of the Court is directed to close the motions at docket numbers 13 and 18.

Dated:  November 7, 2013
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

16