C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
Lee Litigation Group, PLLC
30 East 39th Street, Second Floor
New York, New York 10016
Tel: (212) 465-1188
Fax: (212) 465-1181



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ELVIS SANTANA and
MIGUEL JAIME-DORANTES,
on behalf of themselves, FLSA Collective Plaintiffs
and Class Members,

        Plaintiffs,

        -against-

FISHLEGS LLC, GIOCO RESTAURANT CORP.,
DAVID BURKE 59 CORP., 6 GRAND LLC,
DAVID BURKE and JEFFREY A. CITRON,

        Defendants.

---

Case No.: 13-CV-1628

**SECOND AMENDED**
**CLASS ACTION**
**COMPLAINT**

JURY TRIAL DEMANDED

---

       Plaintiffs, ELVIS SANTANA and MIGUEL JAIME-DORANTES (each a "Plaintiff" and

collectively the "Plaintiffs"), allege on behalf of themselves, FLSA Collective Plaintiffs and

Class Members, as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff ELVIS SANTANA worked in the positions of busboy and barback for

Defendants, at Defendants' "Fishtail" restaurant located at 135 East 62nd Street, New York, NY

10065.

    2.    Plaintiff MIGUEL JAIME-DORANTES worked in the position of line cook for

Defendants, at Defendants' "David Burke Townhouse" restaurant located at 133 E. 61st Street, New York, NY 10065.

3.    Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), the Plaintiffs bring this action for (1) unpaid minimum wages, (2) unpaid overtime pay, (3) unpaid compensation due to time shaving, (4) attorneys' fees and costs and (5) liquidated damages, on behalf of themselves and all other similarly situated current and former employees in New York State who work or worked as non-exempt employees, including cooks, dish washers, food preparers, porters, waiters, busboys, runners, barbacks and bartenders, in the past six years ("Covered Employees") at any of the David Burke Restaurants (defined below).

4.    In addition to nationwide FLSA claims, the Plaintiffs also bring claims under the laws of New York on behalf of themselves and all Covered Employees, who worked in the State of New York, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of New York Labor Law, Article 19 §§ 650 *et. seq.*, and the supporting New York State Department of Labor Regulations (together, "NYLL").

5.    For at least six years prior to the filing of this Complaint, Defendants have willfully committed widespread violations of the NYLL by failing to pay Covered Employees (1) unpaid minimum wages, (2) unpaid overtime, (3) unpaid compensation for all hours worked due to a policy of time shaving, (4) attorneys' fees and costs and (5) liquidated damages.

## JURISDICTION AND VENUE

6.    This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 216(b). Original jurisdiction exists over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). This is a putative class action in which: (1) there are 100 or more members in the Plaintiffs' proposed

2

class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000.00 in the aggregate.

7.      In addition, this Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. § 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative fact.

8.      The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2002.

9.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391, because Plaintiffs and certain Defendants reside in this district and because a substantial part of the events giving rise to the claims occurred in this district.

### PARTIES

10.      (a) Plaintiff SANTANA is a resident of New York County, New York.

(b) Plaintiff JAIME-DORANTES is a resident of Bronx County, New York.

11.      (a) FISHLEGS LLC d/b/a Fishtail is a limited liability company organized under the laws of the State of New York, with a principal place of business at 135 East 62nd Street, New York, NY 10065, and an address for service of process, located at c/o Eric Kutner, Esq., 200 Old Country Road, Ste. 364, Mineola, NY 11501;

(b) GIOCO RESTAURANT CORP. d/b/a David Burke Townhouse is a corporation organized under the laws of the State of New York, with a principal executive office, and an address for service of process, located at 133 East 61st Street, New York, NY 10021;

(c) DAVID BURKE 59 CORP. d/b/a David Burke at Bloomingdale's is a corporation

3

organized under the laws of the State of New York, with a principal executive office, and an address for service of process, 807 Lexington Avenue, Suite 2R, New York, NY 10021;

(d) 6 GRAND LLC d/b/a David Burke Kitchen is a limited liability company organized under the laws of the State of New York, with a principal executive office at 807 Lexington Avenue, Suite 2R, New York, NY 10065 (FISHLEGS, LLC, GIOCO RESTAURANT CORP., DAVID BURKE 59 CORP. and 6 GRAND LLC are collectively referred to herein as "Corporate Defendants").

12.     (a) DAVID BURKE is a principal of FISHLEGS LLC and 6 GRAND LLC and is a principal and the Chairman or Chief Executive Officer of DAVID BURKE 59 CORP. and GIOCO RESTAURANT CORP.  DAVID BURKE is the controlling member or shareholder of each of the Corporate Defendants.

(b) JEFFREY A. CITRON (together with DAVID BURKE, the "Individual Defendants") is a principal of FISHLEGS, LLC, DAVID BURKE 59 CORP. and GIOCO RESTAURANT CORP.

(c) Each of the Individual Defendants exercised control over the terms and conditions of the employment of the Plaintiffs, FLSA Collective Plaintiffs and New York Rule 23 Class members. Each of the Individual Defendants had the power and authority to (i) fire and hire, (ii) determine rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment, of the Plaintiffs, the FLSA Collective Plaintiffs and the New York Rule 23 Class members.  Each also had the power and authority to supervise and control supervisors of the Plaintiffs, the FLSA Collective Plaintiffs and the New York Rule 23 Class members.

13.     The Defendants operate a food services enterprise self-entitled as the David Burke Group.  Such food services enterprise includes the following businesses operating under the following trade names and locations:

4

**Fishtail,** located at 153 East 62nd Street, New York, NY 10065;

**David Burke Townhouse**, located at 133 East 61st Street, New York, NY 10065;

**David Burke at Bloomingdale's**, located at 1000 3rd Avenue, New York, NY 10022;

**David Burke Kitchen**, located at 23 Grand Street, New York, NY 10013;

(Fishtail, David Burke Townhouse, David Burke at Bloomingdale's and David Burke Kitchen are collectively referred to herein as the "David Burke Restaurants").

14.     The David Burke Restaurants are operated and marketed by Defendants as a common enterprise and share the same employment policies.   Each of the David Burke Restaurants is advertised and marketed jointly on Defendants' website located at www.davidburke.com.   The various business operations of the David Burke Restaurants are jointly marketed through the David Burke website. The David Burke Restaurants are all owned and operated by celebrity chef David Burke, together with others.  The David Burke Restaurants share the same director of private events, human resources personnel and attorneys. Employment opportunities are jointly advertised, and reservations for all restaurants are made through the David Burke website.  Merchandise and supplies are shared among the David Burke Restaurants, and employees are paid by the same payroll methods.

## STATEMENT OF FACTS

15.     In or about November 2008, Plaintiff SANTANA, was hired by Defendants to work as a busboy and barback at Defendants' "Fishtail" restaurant located at 135 East 62nd Street, New York, NY 10065.  From the commencement of his employment to March 2009, Plaintiff SANTANA worked as a busboy.  From in or about March 2009 to the end of his employment, Plaintiff SANTANA worked as a barback.  During his employment by Defendants, Plaintiff

SANTANA was required to travel to the other David Burke Restaurants to pick up merchandise and supplies.  Plaintiff SANTANA worked for Defendants until on or about April 2009.

16.     During Plaintiff SANTANA's employment by Defendants, he generally worked 43 hours per week. Specifically, Plaintiff SANTANA generally worked for 8.5 hours per day, for five days per week.  Plaintiff SANTANA was paid an hourly rate of $4.60 per hour.  Plaintiff SANTANA was never paid when he worked in excess of his scheduled hours.  He typically worked two to three hours per week in excess of his scheduled hours. Similarly FLSA Collective Plaintiffs and New York Rule 23 Class members did not receive compensation for hours worked in excess of their scheduled hours.

17.     Plaintiff SANTANA's paystubs did not accurately reflect his working hours.  At all times, Plaintiff SANTANA was required to wear a uniform mandated by Defendants.  When he began his shift, Plaintiff SANTANA was not allowed to punch his time clock until he finished changing into his uniform.  He was also forced to punch out before he changed out of his uniform at the end of his shift.  Such policy of time shaving was prevalent at each of the David Burke Restaurants and applied to all Covered Employees.  Because of Defendants' policy of time shaving, Plaintiff, FLSA Collective Plaintiffs and New York Rule 23 Class members also did not properly receive their overtime premium because the hours worked as reflected in the paystubs were incorrect.

18.     (a)     While Plaintiff Santana only worked at Fishtail restaurant, he observed employees from Fishtail restaurant be sent to work at other David Burke Restaurants, and observed that employees from other David Burke Restaurants would come to work at Fishtail restaurant.  Based on his own conversations with other employees transferred to Fishtail

restaurant, he learned that Defendants instituted the same wage and hour policy to all employees at each of the David Burke Restaurants.

(b)     Based on Plaintiff Santana's conversations with other employees transferred to the Fishtail Restaurant where he worked, Plaintiff Santana was informed that Defendants instituted the same tip compensation policy to all tipped employees at each of the David Burke Restaurants.

(c)     During Plaintiff Santana's employment at Fishtail restaurant, he was not paid the statutory minimum wage. He observed that tipped employees at Fishtail restaurant were paid below the statutory minimum wage. He was also informed by tipped employees working at other David Burke Restaurants, that it is Defendants' policy to pay below the statutory minimum wage rate to all tipped employees at all David Burke Restaurants.

(d)     Based on Plaintiff Santana's observations at Fishtail restaurant and his conversations with employees from other David Burke Restaurants, Plaintiff Santana alleges that it is a policy of the David Burke restaurants to pay only for scheduled hours, and not for hours actually worked.

(e)     During Plaintiff Santana's employment with Defendants, he and other employees used a "punchclock" to keep their time. He was required to change into his required work uniform before being allowed to punch in for his shift. He was also required to punch out before changing out of his required work uniform and into street clothes. He observed that other employees were required to do the same and was also informed by employees working at other David Burke Restaurants that they suffered similar time shaving policies.

(f)     Plaintiff Santana was never given any notice that Defendants were taking a tip credit, nor was he given proper notice of the tipped credit minimum wage or his overtime rate.

He observed that no other tipped employee at Fishtail restaurant was given such notice. During conversations with employees who had worked at other David Burke Restaurants, he was informed that they did not receive any proper notices at the other David Burke Restaurants.

(g)     Based on Plaintiff Santana's observations and conversations with other employees, Defendants failed to keep track of the daily amount of tips earned by tipped employees at each of the David Burke Restaurants.

(h)     Based on Plaintiff Santana's observations and conversations with other employees, tipped employees at the Fishtail restaurant and the other David Burke Restaurants never received in their wage statements the amount of tip credit allowance taken for each pay period with respect to their compensation. In addition, wage statements also did not reflect the off-the-clock hours employees were required to work at the David Burke Restaurants.

19.     In or about June 2012, Plaintiff JAIME-DORANTES was hired by Defendants to work as a line cook at Defendants' "David Burke Townhouse" restaurant located at 133 East 61st Street, New York, NY 10065.

20.     Plaintiff JAIME-DORANTES worked for Defendants until October 2012. Plaintiff JAIME-DORANTES' regular schedule was for  forty (40) hours per week during his employment with Defendants. He worked eight hours per day, five days per week, He was paid an hourly rate of $13.00 per hour.  At least twice per week (or more depending on business) Plaintiff JAIME-DORANTES would work approximately one half hour to one hour past his regular daily schedule but would never be compensated for such time.

21.     On numerous occasions, when David Burke Townhouse was not crowded, Plaintiff JAIME-DORANTES would arrive early only to be told to go home. At no time did he

receive "call-in pay" or any other type of compensation. He observed that other employees were subject to the same practice.

22.     Plaintiff JAIME-DORANTES's paystubs did not accurately reflect his working hours. At all times Plaintiff JAIME-DORANTES would utilize a time-clock to record how many hours he worked per week. On several occasions, he observed his manager adjust the amount of time recorded so that it would appear as though he worked less than forty hours per week. The general policy set by Defendants for all David Burke Restaurants was that employees were only paid for their scheduled work hours and not for actual hours worked. Because of Defendants' policy of time shaving, Plaintiffs, FLSA Collective Plaintiffs and New York Rule 23 Class members did not properly receive their wages for all hours worked or their proper overtime premium.

23.     Defendants knowingly and willfully operated their business with a policy of not paying the lawful minimum wage to the Plaintiff SANTANA, and members of the FLSA Collective Plaintiffs and the members of the New York Rule 23 Class that were tipped employees. Defendants were not entitled to take any tip credit under the FLSA and NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide proper wage statements informing tipped employees of the amount of tip credit taken for each payment period in violation of the NYLL, and (iii) caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in violation of NYLL.

24.     (a)     While Plaintiff Jaime-Dorantes only worked at David Burke Townhouse, he observed employees from David Burke Townhouse be sent to work at other David Burke Restaurants, and observed that employees from other David Burke Restaurants would come to

work at David Burke Townhouse. Based on his conversations with other employees transferred to David Burke Townhouse, he learned that Defendants instituted the same wage and hour policy to all employees at each of the David Burke Restaurants.

(b)      Plaintiff Jaime-Dorantes was never paid for the time worked outside of his scheduled hours. He personally observed the manager at David Burke Townhouse adjust the time on his time card and on the time card of other employees such that the records reflected that they had worked less than forty hours per week. From his observations at David Burke Townhouse and his conversations with employees from other David Burke Restaurants, he learned that is a policy of the David Burke restaurants to pay only for scheduled hours, and not for hours actually worked.

(c)      During Plaintiff Jaime-Dorantes' employment with Defendants, he and other employees used a "punchclock" to keep their time. He was required to change into his work uniform before being allowed to punch in for his shift. He was also required to punch out before changing out of his work uniform and into street clothes. He was informed by employees working at other David Burke Restaurants that they suffered similar time shaving policies.

(d)      Plaintiff Jaime-Dorantes has never received a wage and hour notice as required under New York State law. He personally observed that no employee employed by Defendants at David Burke Townhouse ever received any written wage and hour notice, either at the beginning of their employment, nor annually thereafter, informing them of their rate of pay, among other requirements of the New York Labor Law. He was informed by employees at other David Burke Restaurants that they similarly did not receive a proper wage and hour notice.

(e)      Plaintiff Jaime-Dorantes observed that all employees employed at David Burke Townhouse received the same form of wage statements. Such wage statements do not satisfy

New York State law.  The wage statements did not reflect the off-the-clock hours the employees were required to work at the David Burke Restaurants.

(f)     Plaintiff Jaime-Dorantes observed that all employees employed at the David Burke Restaurants suffered Defendants' policy of not paying call-in pay. Employees of the David Burke Restaurants were regularly sent home without compensation if the relevant restaurant was not busy.

25.     Plaintiffs retained Lee Litigation Group, PLLC to represent them and other employees similarly situated in this litigation and have agreed to pay the firm a reasonable fee for its services.

26.     On February 1, 2013, Plaintiffs' counsel received a call from Prudence Pitter of David Burke Restaurant Group stating that Defendants had sent a check to Plaintiff SANTANA to settle this dispute.  Defendants' counsel had received the undersigned's demand letter and with full knowledge that the Plaintiff SANTANA was represented by counsel and attempted to usurp the judicial process by communicating with, and settling this dispute with the Plaintiff SANTANA directly, without Plaintiff SANTANA's counsel's, or the Court's knowledge or approval.  Plaintiff SANTANA, however, to the best of his knowledge, has not received any such alleged check or any payment from Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

27.     The Plaintiffs bring the first claim for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all Covered Employees who worked for Defendants at any of the David Burke Restaurants, at any time six years prior to the filing of this Complaint ("FLSA Collective Plaintiffs").  Upon information and belief, Defendants knowingly failed to pay the Plaintiff and the FLSA Collective Plaintiffs (i) the lawful federal minimum

wage for each hour worked and suffered and permitted the Plaintiffs and the FLSA Collective

Plaintiffs to work more than forty hours per week, (ii) proper overtime compensation for all

hours worked beyond forty per week and (iii) compensation for off the clock work.

28.     Defendants' unlawful conduct has been widespread, repeated and consistent.

29.     Upon information and belief, Defendants knew that the Plaintiffs and the

FLSA Collective Plaintiffs performed work that required overtime pay.  Defendants operated

under a scheme to deprive these employees of overtime compensation by failing to properly

compensate them for all hours worked.

30.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith,

and has caused significant damages to the Plaintiffs and the FLSA Collective Plaintiffs.

31.     Defendants are liable under the FLSA for failing to properly compensate the

Plaintiffs and the FLSA Collective Plaintiffs, and as such, notice should be sent to the FLSA

Collective Plaintiffs.  There are numerous similarly situated, current and former employees of

Defendants who have been denied minimum wages, overtime pay and unpaid compensation due

to time shaving, in violation of the FLSA who would benefit from the issuance of a Court

supervised notice of the present lawsuit and the opportunity to join in the present lawsuit.  Those

similarly situated employees are known to Defendants and are readily identifiable through

Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

32.     The Plaintiffs bring the second claim for relief on their own behalf and as a class

action pursuant to Rule 23 (a) and (b) of the Federal Rules of Civil Procedure.  The New York

Rule 23 Class is defined as:

**All persons who worked for Defendants as a non-exempt employee, including cooks,**

**line cooks, dish washers, food preparers, waiters, busboys, runners, barbacks and bartenders, in any of the David Burke Restaurants in the State of New York at any time from six years prior to the filing of this Complaint (the "New York Rule 23 Class" and the "New York Class Period," respectively).**

33.      The persons in the New York Rule 23 Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, upon information and belief, Defendants have employed at least 100 persons who satisfy the definition of the New York Class.

34.      There are questions of law and fact common to this New York Rule 23 Class that predominate over any questions solely affecting individual members of the New York Rule 23 Class, including but not limited to:

       a)  Whether Defendants employed the Plaintiffs and the New York Rule Class within the meaning of the New York law;

       b)  What are and were the policies; practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the New York Rule 23 Class members at all;

       c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the New York Rule 23 Class members for their work;

       d)  Whether Defendants failed to properly compensate the Plaintiffs and New York Rule 23 Class members for all their hours worked due to a policy of time shaving and failing to correctly track the hours worked by the Plaintiffs and New York Rule 23 Class members; and

e) Whether Defendants failed to properly compensate the Plaintiffs and New York Rule 23 Class members for their proper overtime premium for all hours worked over 40;

f) Whether Defendants were entitled to take a tip credit; and

g) Whether Defendants paid the Plaintiffs and the New York Rule 23 Class their "Spread of Hours" on days when their workday exceeded ten hours.

35. The Plaintiffs' claims are typical of those of the New York Rule 23 Class. The Plaintiffs, like other members of the New York Rule 23 Class, were subjected to Defendants' policy and practice of failing to pay the lawful minimum wage, time shaving, refusal to pay overtime pay and spread of hours premium in violation of New York law.

36. The Plaintiffs will fairly and adequately protect the interests of the New York Rule 23 Class, and have retained counsel experienced in complex wage and hour class and collective action litigation.

37. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will

be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

38.  Class certification of the second claim for relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the New York Rule 23 Class, thereby making appropriate declaratory and injunctive relief. The New York Rule 23 Class is also entitled to injunctive relief to end Defendants' common and uniform practice of failing to compensate its employees for all work performed for the benefit of Defendants.

39.  Class certification of the second claim for relief is also appropriate under Fed. R. Civ. P. 23 (b)(3) because questions of law and fact common to the New York Rule 23 Class predominate over any questions affecting only individual members of the New York Rule 23 Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  Defendants' common and uniform policies and practices denied the New York Rule 23 Class wages to which they are entitled.  The damages suffered by the individual New York Rule 23 Class members are small compared to the expense and burden of

15

individual prosecution of this litigation.  In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

40.      The Plaintiffs intend to send notice to all members of the New York Rule 23 Class to the extent required by Rule 23.

## STATEMENT OF CLAIM

## FIRST CLAIM FOR RELIEF

### On behalf of the Plaintiffs and the FLSA Collective Plaintiffs

41.      The Plaintiffs and the FLSA Collective Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

42.      At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  At all relevant times, Defendants employed and/or continue to employ Plaintiffs and each of the FLSA Collective Plaintiffs plaintiffs.  At all relevant times, upon information and belief each of the Corporate Defendants have had gross operating revenues in excess of $500,000.00.

43.      The Plaintiffs consent in writing to be a part of this action, pursuant to 29 U.S.C. § 216(b).  The Plaintiffs and additional similarly situated individuals who are interested in joining this case as opt-in plaintiffs have filed written consent forms.  As this case proceeds, it is likely that other individuals will sign consent forms

44.      Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs plaintiffs overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

16

45. At all relevant times, the Defendants had a policy and practice of refusing to pay the proper wages to Plaintiffs and FLSA Collective Plaintiffs plaintiffs for their hours worked due to Defendants' policy of time shaving.

46. Defendants failed to pay Plaintiffs and FLSA Collective Plaintiffs plaintiffs their wages in the lawful amount for their hours worked.

47. Records, if any, concerning the number of hours worked by Plaintiffs and FLSA Collective Plaintiffs plaintiffs and the actual compensation paid to Plaintiffs and FLSA Collective Plaintiffs plaintiffs should be in the possession and custody of the Defendants. Plaintiffs intend to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

48. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and FLSA Collective Plaintiffs plaintiffs at the statutory rate of time and one-half for their hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

49. Defendants failed to properly disclose or apprise Plaintiffs and FLSA Collective Plaintiffs plaintiffs of their rights under the FLSA.

50. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs and FLSA Collective Plaintiffs plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

51. Due to the intentional, willful and unlawful acts of Defendants, Plaintiffs and FLSA Collective Plaintiffs plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages and unpaid overtime wages, plus an equal amount as liquidated damages.

52.     Plaintiffs and FLSA Collective Plaintiffs plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## SECOND CLAIM FOR RELIEF

## NEW YORK LABOR LAWS

### On behalf of the Plaintiffs and the New York Rule 23 Class

53.   The Plaintiffs and the New York Rule 23 Class allege and incorporate by reference the allegations in the preceding paragraphs.

54.   At all times relevant to this action, the Plaintiffs and the New York Rule 23 Class were employed by Defendants within the meaning of New York Labor Law, Article 19.

55.   By the course of conduct set forth above, Defendants have violated the New York Labor Law, Article 19 §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. Part 142 (collectively, "New York Labor Laws").

56.     Defendants willfully violated Plaintiffs' and New York Rule 23 Class members' rights by failing to pay them (i) compensation due to time shaving, and (ii) overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57.     Defendants willfully violated Plaintiffs' and New York Rule 23 Class members' rights by failing to pay them wages in the lawful amount for hours worked due to time shaving.

58.     Defendants willfully violated Plaintiffs' and New York Rule 23 Class members' rights by failing to pay them minimum wages in the lawful amount for hours worked. Defendants were not entitled to take any tip credits under the NYLL, because they (i) failed to properly provide notice to all tipped employees that Defendants were taking a tip credit in violation of the NYLL, (ii) failed to provide proper wage statements informing tipped employees

18

of the amount of tip credit taken for each payment period in violation of the NYLL, and (iii)
caused tipped employees to engage in non-tipped duties exceeding 20% of each workday in
violation of NYLL.

59.     Plaintiff SANTANA and Rule 23 Class members regularly worked more than ten
hours in a workday.  Defendants willfully violated Plaintiff SANTANA's and New York Rule 23
Class members' rights by failing to pay "spread of hours" premium to them for each day they
worked ten or more hours.

60.     Due to the Defendants' New York Labor Law violations, Plaintiffs and New York
Rule 23 Class members are entitled to recover from Defendants unpaid minimum wages, unpaid
overtime, unpaid wages caused by time shaving, unpaid spread of hours premium,  reasonable
attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the
action, pursuant to New York Labor Law.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, on behalf of themselves and all members of the FLSA
Collective Plaintiffs pray for relief as follows:

A.  Designation of this action as a collective action on behalf of the FLSA Collective
Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29
U.S.C. § 216(b) to all similarly situated members, appraising them of the pendency of
this action, and permitting them to assert timely FLSA claims in this action by filing
individual Plaintiff Consent Forms;

B.  Designation of the Plaintiffs as Representatives of the FLSA Collective Plaintiffs;

C.  A declaratory judgment that the practices complained of herein are unlawful under
the FLSA;

D.  An injunction against Defendants and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E.  An award of damages, according to proof, including liquidated damages and loss of benefits, to be paid by Defendants;

F.  Costs of action incurred herein, including expert fees;

G.  Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

H.  Pre-Judgment and Post-Judgment interest as provided by law; and

I.  Such other legal and equitable relief as this Court deems necessary, just and proper.

**WHEREFORE**, the Plaintiffs, on behalf of themselves and all members of the New York Rule 23 Class they represent, respectfully request, pray for relief as follows:

a.  Certification of this action as a class action on behalf of the New York Rule 23 Class;

b.  Designation of the Plaintiffs as Representatives of the Class they seek to represent;

c.  A declaratory judgment that the practices complained of herein are unlawful under appropriate state law;

d.  Appropriate equitable and injunctive relief to remedy Defendants' violations of state law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

e.    Appropriate statutory penalties;

f.    An award of liquidated and/or punitive damages pursuant to the New York Labor Law;

g.    Restitution;

h.    Pre-Judgment and Post-Judgment interest, as provided by law;

i.    Attorney's fees and costs of suit, including expert fees; and

j.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiffs individually and on behalf of all others similarly situated, hereby demand trial by jury on all issues so triable as of right by jury.

Dated: November 15, 2013

Respectfully submitted,

LEE LITIGATION GROUP, PLLC

By: _____

C.K. Lee (CL 4086)
Anne Seelig, Esq. (AS 3976)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiffs, FLSA Collective Plaintiffs and Class Members*