UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

ELVIS SANTANA AND
MIGUEL JAIME DORANTES,                        :

                                                   :   ORDER
               Plaintiffs,                13 Civ. 1628 (LGS) (GWG)

                                                   :

   -v.-

                                                   :

FISHLEGS LLC et al.,

                                                   :

                    Defendants.                :
----------------------------------------------------------------X

GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

      The Court is in receipt of letters dated May 30, 2014, from plaintiffs and June 3, 2014 from defendants regarding plaintiffs' proposal to amend their complaint. Under Fed. R. Civ. P. 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Thus, while the decision to grant leave to amend a pleading is within the discretion of the Court, the Court must have "good reason" to deny leave to amend. See Acito v. IMCERA Grp., Inc., 47 F.3d 47, 55 (2d Cir. 1995) (citing S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co., 608 F.2d 28, 42 (2d Cir. 1979)). Leave to amend may be denied in some instances where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). Nonetheless, "[t]he rule in [the Second] Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993) (citing State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)).

      Defendants have made no showing of bad faith on plaintiffs' part. Defendants' repeated assertion that the amendment has been proposed to "drive up" plaintiffs' attorney's fees is based on speculation and constitutes an improper personal attack on counsel. To the extent plaintiffs' counsel in the future seeks compensation for hours unreasonably spent on this litigation, defendants will have the opportunity to be heard on this issue.

      With respect to delay, "mere delay is not, of itself, sufficient to justify denial of a Rule 15(a) motion." Parker v. Columbia Pictures Indus., 204 F.3d 326, 339 (2d Cir. 2000) (citation and internal quotation marks omitted). Defendants have shown no prejudice arising from the delay here other than the need to conduct discovery regarding the claim. See, e.g., A.V. by Versace, Inc. v. Gianni Versace S.p.A., 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) ("Allegations that an amendment will require the expenditure of additional time, effort, or money do not constitute undue prejudice.") (citation and internal quotation marks omitted). Defendants have

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/9/14

not suggested that any party will need to be re-deposed or that there is any other unusual burden that would arise from the proposed amendment.

As for futility, defendants nowhere assert that the allegations proposed to be added by plaintiffs would not, if proven, constitute a violation of 12 NYCRR 146-3.7. Nor do they explain why plaintiffs could not make a claim under the New York Labor Law based on a violation of this provision. Accordingly, the Court sees no reason to deny leave to amend at this time on grounds of futility.

Any amended complaint shall be filed forthwith. In light of the transcript of the deposition supplied by defendants' counsel, and plaintiffs' assertion that their proposed claim is based on that deposition, the Court takes this opportunity to caution plaintiffs' counsel to make an appropriate inquiry, including inquiries of his clients, as to the factual support for the proposed new claim. The requirements of Rule 11 arguably would not permit plaintiffs' counsel to rely exclusively on the cited deposition for purposes of asserting the proposed claim.

SO ORDERED.

Dated: June 9, 2014
       New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge